UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20236-CR-GAYLES (COHN)

UNITED STATES OF AMERICA

v.

RIGOBERTO CORDERO,

      Defendant.

_____/

GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S
SENTENCING MEMORANDUM AND REQUEST FOR A
<u>VARIANCE BELOW THE ADVISORY GUIDELINES RANGE</u>

      The United States, by and through the undersigned Assistant United States Attorney, hereby files its response in opposition to the sentencing memorandum filed by defendant Rigoberto Cordero (ECF 312).   In support of its response, the United States avers as follows:

      Defendant should not be awarded a downward variance or departure from the applicable sentencing guideline calculation.   For the reasons set forth below, this Court should reject any request for a downward variance and impose a term of imprisonment within the applicable advisory guideline level.

      Following the Supreme Court's decision in *United States v. Booker*, 543 U.S. 330, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), courts review a defendant's sentence for reasonableness. See *United States v. Winingear*, 422 F.3d 1241, 1245 (11th Cir.2005).   After Booker, a district court, in determining a reasonable sentence, must correctly calculate the advisory guidelines range and

then consider the factors set forth in 18 U.S.C. § 3553(a). *United States v. Talley*, 431 F.3d 784, 786 (11th Cir.2005); *Winnegar*, 422 F.3d at 1246.   The factors set forth in § 3553(a) serve as a guide in this review.   *Id*. at 1246.   Those factors include: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; (4) the need to protect the public; and (5) the guideline range. *See* 18 U.S.C. § 3553(a).

Post Booker precedents emphasize that district courts must correctly calculate the advisory guideline range before granting a variance, *see United States v. Crawford*, 407 F.3d 1174, 1178 1179 (11th Cir. 2005), and that traditional guidelines departures are still an integral part of the sentencing process post Booker, *see United States v. Jordi*, 418 F.3d 1212, 1215 (11th Cir. 2005). Under this framework, defendant terms his request for a sentence less than the guideline sentence pursuant to § 3553(a) as a variance rather than a departure. *See United States v. Scott*, 426 F.3d 1324 (11th Cir. 2005) (distinguishing between departures from the guideline range and variances pursuant to the § 3553(a) factors).   A variance is a sentence outside the applicable advisory guideline range that is imposed after such range, including any departures, has been correctly calculated. *See United States v. Irizarry*, 458 F.3d 1208, 1211 12 (11th Cir. 2006).

A district court may only depart or vary from the Sentencing Guidelines when there is an "aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b). When making this determination, the court may "consider only the sentencing guidelines, policy statements, and official commentary of the Sentencing Commission." *Id*.

In view of these principles, a sentence within the applicable sentencing guidelines range, considering defendant's offense conduct, his personal history and circumstances, just punishment, and adequate deterrence, is reasonable.   As the Booker Court noted, "[t]he district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." *Booker*, 125 S.Ct. at 767.   A sentence within the Guidelines range would satisfy one of the explicit § 3553(a) factors. *See* 18 U.S.C. § 3553(a)(4).

Defendant first claims that he qualifies for a downward departure based on his advanced age of 61. However, age and physical condition are discouraged factors, and in most cases, neither is relevant in determining the appropriate sentence. *See* U.S.S.G. §§ 5H1.1, 5H1.4.  Only in extraordinary circumstances may these factors warrant a downward departure from the Guidelines. Specifically, the Guidelines provide that a downward departure based on age may be appropriate only "when a defendant is elderly and infirm and where a form of punishment such as home confinement might be equally efficient as and less costly than incarceration." U.S.S.G § 5H1.1.

The Sentencing Commission consciously avoided carving out an exception in the Guidelines for those who are advanced in age.   If the Court were to create such an exception, the elderly could violate the law with impunity.   Instead, those advanced in age, like the young, must face the consequences of their illegal actions.   Moreover, defendant does not cite any extraordinary health or medical conditions that could not be addressed by the medical staff at the Bureau of prisons facility where he will be designated to serve his sentenced. Under these circumstances, a downward departure based solely on defendant's age would be unjust.

Defendant relies as additional grounds for a downward departure or variance that he cares for his minor daughter, Sabrina Cordero, who he claims has suffered profound psychological trauma due to the events surrounding this case.   The Sentencing Commission, however, concluded that family circumstances ordinarily are not relevant to the choice of sentence. *See* U.S.S.G. § 5H1.6.   As the Commission has explained, "the fact that the defendant's family might incur some degree of financial hardship or suffer to some extent from the absence of a parent through incarceration is not in itself sufficient as a basis for departure because such hardship or suffering is of a sort ordinarily incident to incarceration." U.S.S.G. § 5H1.6 cmt. 1(B)(ii).

The collateral effects that defendant's sentence has on his family do not distinguish his case from the many cases in which reviewing courts have reversed downward departures. *See United States v. Mogel*, 956 F.2d 1555, 1565 (11th Cir.1992) (finding a woman with "two minor children to support, and a mother that lives with [her]" is not extraordinary); *United States v. Cacho*, 951 F.2d 308, 311 (11th Cir.1992) (having minor children to take care of is not extraordinary); *United States v. Allen*, 87 F.3d 1224, 1225 (11th Cir.1996) (finding that a defendant with the role of primary caretaker for his 70 year-old father with Alzheimer's and Parkinson's diseases is not extraordinary). There is nothing inherently extraordinary about caring for a child. Innocent young family members, including children, commonly suffer because of a parent's incarceration. *Mogel*, 956 F.2d at 1565. Although defendant's desire to minimize the sentence's adverse effects on his family is understandable, the Court should not in turn reward defendant by departing downward. *See United States v. DeVegter*, 439 F.3d 1299 (11th Cir. 2006) (downward sentencing departure for family circumstances was not warranted, in federal wire fraud prosecution, by defendant's son's

4

need for tutoring for dyslexia, or by mother-in-law's failing health; circumstances were not inherently extraordinary).   As in these cases, defendant's family circumstances are not exceptional, but are more akin to the common collateral damage of imprisonment that many defendants encounter. As such, defendant's family circumstances are not so extraordinary as to remove his case from the heartland warranting a downward departure.

In sum, defendant's age and family circumstances taken alone and together do not qualify as an "extraordinary case" which would warrant deviation from the advisory guideline. Rather, defendant's case is ordinary and is within the "heartland," *see Koon v. United States*, 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996) (noting that a departure from the Sentencing Guidelines is only appropriate if the case is outside the "heartland" of typical cases embodied by the guideline), of typical cases covered by the applicable guideline. *See, e.g., United States v. Panfil*, 338 F.3d 1299 (11th Cir.2003); *United States v. Miranda*, 348 F.3d 1322 (11th Cir. 2003).

Defendant further posits that he is entitled to a downward variance so as not to be penalized for proceeding to trial.   Defendant however fails to point to any unwarranted penalty that has resulted from his election to exercise his right to trial.

As is clear from the record, defendant initially entered into a plea agreement in exchange for his plea of guilty to Count 1 of the indictment, conspiracy to commit health care fraud (ECF 70, 74).   Defendant then filed a motion to vacate his guilty plea which the Court granted (ECF 125, 152).   Having been convicted after trial, defendant now faces a potentially greater advisory sentencing guideline range than what he faced had he persisted in his decision to plead guilty.

It does not follow that this sentencing disparity resulting from defendant's decision to withdraw from his plea bargain resulting in a greater potential sentence after conviction is constitutionally infirm.   In the "give-and-take" of plea bargaining, the government may extend leniency to a defendant who pleads guilty foregoing his right to jury trial. *Brady v. United States*, 397 U.S. 742, 753, 90 S.Ct. 1463, 1471, 25 L.Ed.2d 747 (1970).   A judge, as with the prosecutor, should not be precluded from approving leniency in sentencing upon an admission of guilt. *Corbitt v. New Jersey*, 439 U.S. 212, 224 n. 14, 99 S.Ct. 492, 500 n. 14, 58 L.Ed.2d 466 (1978).

Put another way, by pleading guilty a defendant confers a "substantial benefit to the state" by avoiding the necessity of trial, scarce judicial and prosecutorial resources are conserved for those cases in which there is a substantial issue of the defendant's guilt or in which there is substantial doubt that the State can sustain its burden of proof. *Brady v. United States*, 397 U.S. at 752, 90 S.Ct. at 1471.   It follows that the government is entitled to extend a sentence of less than that which might otherwise be appropriate to a defendant that confers such a benefit on it. *Id*., 397 U.S. at 753, 90 S.Ct. at 1471.   The heart of a plea bargain from a defendant's point of view is the option of avoiding a possibly harsher sentence upon conviction at trial.

A defendant who is convicted at trial, however, is in a markedly different posture than a defendant who pleads guilty.   Here defendant eschewed a three-point reduction under Section 3E1.1 of the Sentencing Guidelines for acceptance of responsibility by virtue of his decision to take his chances at trial.   In addition, having presided over a three-week trial, the Court learned all the facts which might be considered for sentencing including the full extent of defendant's involvement in the offense of conviction which substantiates a three-point upward adjustment for

6

defendant's managerial role rather than a two-point role recommended by the parties in the plea agreement (ECF 74, ¶7(c)). It is evident that defendant's increased advisory sentencing guideline range was a natural byproduct of his decision to forego his plea bargain and elect to go to trial in this case.

For these reasons, a mere allegation of discrepancy between defendant's actual sentence and that which he would have received had he foregone trial to plead guilty does not invalidate the sentence. *See Smith v. Wainwright*, 664 F.2d 1194, 1197 (11th Cir.1981).   Absent a demonstration by defendant of judicial vindictiveness or punitive action, he may not complain simply because he will have received a heavier sentence after trial. *Blackmon v. Wainwright*, 608 F.2d 183 (5th Cir.1979), *cert. denied*, 449 U.S. 852, 101 S.Ct. 143, 66 L.Ed.2d 64 (1980). Because defendant does not allege any constitutionally infirm behavior by the Court or the prosecution in this case his objection should be rejected.

Defendant seeks the Court's leniency.   However, his stance seeking a downward variance consciously overlooks the real casualty that resulted from his actions, that is, the grave harm he brought to Medicaid, a federal and state funded health care program that provides medical coverage to the neediest members of society.   It is without cavil that the assault on the national health care programs by persons such as defendant contributes greatly to the inflated cost of health coverage borne by the public and deprives deserving members its benefits. In such a case, it is incumbent upon the Court to send a strong, clear message to the public that such a violation of the collective trust cannot and will not be tolerated.   In this case, such a message is even more required given the breadth of defendant's criminal activity amounting to purloining over $15 million of

Medicaid monies funded by the taxpaying public.

In sum, the record reveals nothing to indicate that the range of sentence prescribed under the Sentencing Guidelines is unreasonable considering the § 3553(a) factors, and defendant's request for a below guidelines sentence should be rejected.

## CONCLUSION

WHEREFORE, based on the foregoing, the United States respectfully requests that the Court consider the position of the United States with respect to the sentencing memorandum filed by defendant Rigoberto Cordero and deny his request for downward variance in the instant case.

Respectfully submitted,

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

By:     _/s/Christopher J. Clark_
CHRISTOPHER J. CLARK
Assistant United States Attorney
Florida Bar No. 0588040
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9167
christopher.clark@usdoj.gov

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on May 14, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

_/s/ Christopher J. Clark_
CHRISTOPHER J. CLARK
ASST. UNITED STATES ATTORNEY